**KOLLER LAW LLC**
David M. Koller, Esq. (90119) *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KYLE CARTER,** | : | Civil Action No. |
| **5450 Wissahickon Avenue** | : | |
| **Apartment A623** | : | |
| **Philadelphia, PA 19144** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THE DEVEREUX FOUNDATION d/b/a** | : | |
| **DEVEREUX ADVANCED** | : | |
| **BEHAVIORAL HEALTH – PA CIDDS,** | : | |
| **390 Boot Road** | : | |
| **West Chester, PA 19380** | : | |
| | : | |
| **444 Devereux Drive** | : | |
| **Villanova, PA 19085** | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Kyle Carter (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against The Devereux Foundation d/b/a Devereux Foundation d/b/a Devereux Advanced Behavioral Health – PA CIDDS (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, The Devereux Foundation d/b/a Devereux Advanced Behavioral Health – PA CIDDS provides treatment services for children, adolescents and young adults with disabilities with a location at 390 Boot Road, West Chester, PA 19380 and with a corporate headquarters located at 444 Devereux Drive, Villanova, PA 19085.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2020-05083 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Right to Sue is dated July 27, 2021. Plaintiff received the Right to Sue by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or about April 4, 2019, Defendant hired Plaintiff in the position of Program Director Intellectual Disabilities and Mental health ("IDMH").

21. Plaintiff was well-qualified for his position and performed well.

22. By way of background, Plaintiff is an African-American male.

23. Shortly after the start of Plaintiff's employment, he learned that the IDMH department was mainly comprised of African-American clients, while the Autism Spectrum Disorder ("ASD") department was mainly comprised of Caucasian clients with a Caucasian Director.

24. Furthermore, the ASD department received more staffing support, while Defendant did not fill open Program Coordinator positions in the IDMH department.

25. Although the IDMH department required the additional staffing as there were multiple serious incidents, such as elopement, aggression and sexual assault among clients, Defendant refused to provide Plaintiff with the same support that the Caucasian Program Director received.

26. In addition, the ASD department with the Caucasian Director and clients received much more assistance and attention from the national level administrators at Defendant.

27. In or about September 2019, Plaintiff began to register complaints with Defendant regarding the aforesaid disparate treatment.

28. However, Defendant did not take any action to address Plaintiff's complaints of race discrimination.

29. Throughout Plaintiff's employment, he repeatedly complained to Defendant about this discriminatory treatment due to his complaints not being properly addressed.

30. Instead of addressing Plaintiff's complaints, Defendant began to retaliate against him by issuing him unwarranted disciplines.

31. On or about June 1, 2020, Carol Ann McNellis ("McNellis"), Executive Director (Caucasian), made an inappropriate and racial discriminatory comment regarding the George Floyd protests/riots during a conference call.

32. Plaintiff immediately expressed his opposition to McNellis's racist commentary to Ed Vincent ("Vincent"), Program Administrator.

33. Shortly thereafter, McNellis emailed the staff members and again made a racially offensive comment regarding the availability of food banks for the African-American staff.

34. Plaintiff again complained to Vincent about McNellis's racial animus and discriminatory comments.

35. Notwithstanding same, the Defendant failed and refused to take corrective action.

36. Shortly thereafter, on or about July 20, 2020, in retaliation for his opposition to the racially discriminatory remarks and actions of Defendant, Plaintiff received a final written warning for alleged performance deficiencies.

37. Notably, Plaintiff was not even responsible for the job duties criticized by Defendant in the said warning, evidencing its pretextual nature.

38. On or about August 5, 2020, Defendant terminated Plaintiff's employment, allegedly because a member of Plaintiff's staff was late submitting work.

39. Importantly, Caucasian Program Directors, including, but not limited to, Donna Gonzalez and Anthony Fusco, had staff members who were chronically late submitting their work, but Defendant did not discipline them for it.

40. It is Plaintiff's position that he was discriminated against due to his race (African-American) and retaliated against due to his stated opposition to race discrimination in violation of Title VII and the PHRA.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

42. Plaintiff is a member of protected classes in that he is African-American.

43. Plaintiff was qualified to perform the job for which he was hired.

44. Plaintiff suffered adverse job actions, including, but not limited to termination.

45. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

47. Defendants discriminated against Plaintiff on the basis of race.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendants for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (African-American).

52. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff engaged in protected activity protected by Title VII when he opposed racial disparity and complained about the discrimination and discriminatory, racial comments.

55. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination of his employment.

56. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff engaged in protected activity protected by Title VII when he opposed racial disparity and complained about the discrimination and discriminatory, racial comments.

59. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination of his employment.

60. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kyle Carter, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 8, 2021    **By:**    */s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*